WRIGHT JUSTICE *v.* ELIZABERH MARTIN.

APPEAL FROM FLOYD CIRCUIT COURT.

March 7, 1872.

**Vendor and Purchaser—Deed may be Construed to be a Mortgage—Consideration—Weight with Chancellor.**

> The inadequacy of the purchase price should have a controlling influence on the Chancellor in determining whether a deed, absolute on its face, was not intended by the parties to be a mortgage.

OPINION OF THE COURT BY JUDGE PRYOR:

The charge of fraud in the procurement of the deed from the appellant by the decedent Martin of the land in controversy is not sustained by the proof, nor can this court, looking to all the testimony in the cause, adjudge that the deed to Martin, although absolute on its face, was intended to operate as a mortgage. There is the evidence of two or three witnesses, if not in conflict with all the other testimony in the case, that might conduce to show that the appellant had the right to redeem this land upon the payment of the consideration expressed in the deed to Martin. These witnesses state that the land at the time of the conveyance was worth two thousand or twenty-five hundred dollars, and if so, it would have a controlling influence with the chancellor in the rendition of his judgment, but witness

after witness introduced by the appellees, where intelligence connected with their knowledge of the value of this land entitles the judgment of each to great weight, state that the consideration paid was the full value of the land at the date of the deed. These witnesses are seven or eight in number, and some of them detail statements and conversations held with appellant in which he especially recognized the decedent Martin as the owner of the land. The fact of the appellant having retained the possession of a part of the land looking to the whole proof, instead of evidencing the title in him, was the result of the liberal and kind feeling of Martin toward him.

The fact that the deed recites upon its face the amount of the debts assumed and paid by Martin for the appellant is not a circumstance even indicating that it was intended as a mortgage. These debts constituted the real consideration for the land, and if it was intended as a mortgage it was certainly necessary that a claim should be inserted in the deed by which the appellant, at a particular time, should surrender possession of the premises.

The details of conversations held with parties, and particularly after they are dead, are very often easily established, but giving all testimony of the appellant its full weight, still the evidence of the appellees so greatly preponderates that there is but one conclusion to be arrived at from the facts proven, and that is that the conveyance to Martin was absolute and unconditional upon its face and was so intended by the parties at the time of its execution.

The judgment of the court below is, therefore, *affirmed.*

*Jno. W. Hazelrigg, for appellant.*

*Brown, Apperson & Reid, Martin, for appellees.*